IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2002 Session

# ELIZABETH ANN BAKER v. MERROL HYDE, ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2001C-110     Thomas E. Gray, Chancellor**

———————————

**No. M2001-01752-COA-R3-CV - Filed August 7, 2002**

———————————

Elizabeth Ann Baker ("Plaintiff") is a school teacher.  Plaintiff sued Steve Shepard, the principal of her school, and Sheila Pryor, another teacher.  Plaintiff also sued Merrol Hyde, the director of Sumner County Schools, and Jeff Helbig, the school system's assistant director.  Plaintiff claimed the four defendants ("Defendants") were liable for negligent and intentional infliction of emotional distress and civil conspiracy.  In addition to her Answer, Pryor filed a Counter-Complaint against Plaintiff for slander. All four Defendants filed Tenn. R. Civ. P. 12.02(6) Motions to Dismiss.  The Trial Court granted Defendants' Motions to Dismiss but did not address Pryor's pending Counter-Complaint.  Plaintiff appeals.  Because the judgment appealed from is not a final judgment under Tenn. R. App. P. 3, we dismiss and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and THOMAS W. BROTHERS, SP.J., joined.

James L. Harris, Nashville, Tennessee, for the Appellant, Elizabeth Ann Baker.

William R. Wright and Leah May Dennen, Gallatin, Tennessee, for the Appellees, Merrol Hyde, Jeff Helbig and Steve Shepard.

Roger A. Sindle, Hendersonville, Tennessee, for the Appellee, Sheila Pryor.

**MEMORANDUM OPINION**[1]

In March 2001, Plaintiff, a sixth grade science teacher at White House Middle School, sued the Defendants. Plaintiff's Complaint alleged Defendants were liable to her for compensatory and punitive damages for malicious harassment under Tenn. Code Ann. § 4-21-701 and intentional and negligent infliction of emotional distress. Plaintiff alleged Shepard and Pryor conspired against Plaintiff because Plaintiff had supported a teacher-assistant who had made an unrelated complaint against Shepard. Plaintiff further alleged in her Complaint that Shepard and Pryor obtained assistance and participation from students in making Plaintiff's working conditions extremely difficult so that Plaintiff would either quit or be fired. Plaintiff also alleged in her Complaint that when she reported these problems to Hyde and Helbig, she was given no assistance. Plaintiff further alleged Helbig threatened to terminate her employment when she reported the harassment to him.

Shepard, Helbig and Hyde each filed a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss. These three defendants jointly filed a Memorandum of Law in support of their Motions to Dismiss. The remaining defendant, Pryor, filed an Answer and a Counter-Complaint in which she claimed Plaintiff was liable to her for slander for statements Plaintiff made on the local television news about Pryor's character. Pryor also filed a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss and adopted the other defendants' Memorandum of Law. Thereafter, Plaintiff filed a Motion to Amend seeking to amend her Complaint to add a claim for civil conspiracy to maliciously interfere with Plaintiff's employment. Plaintiff also conceded, in her Motion to Amend, that her claim for malicious harassment was not a viable claim.

The Trial Court, in July 2001, entered an Order granting Plaintiff's Motion to Amend, thereby allowing Plaintiff to add her claim for civil conspiracy. The Trial Court also granted Defendants' Motions to Dismiss.[2] In this Order, the Trial Court dismissed Plaintiff's claims of intentional and negligent infliction of emotional distress and the newly-added civil conspiracy claim, finding Plaintiff's Complaint failed to state a claim upon which relief can be granted. The Trial Court also dismissed Plaintiff's claim for malicious harassment stating, in its Order, Plaintiff conceded at the motion hearing that she no longer was pursuing that claim. The Order, however, did not address Pryor's Counter-Complaint against Plaintiff. Thereafter, Plaintiff filed a Notice of Appeal. The technical record on appeal shows Plaintiff did not file an Answer to Pryor's Counter-

---

[1] Rule 10 of the Rules of the Tennessee Court of Appeals provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] The record on appeal shows Plaintiff did not file an amended complaint, but for simplicity's sake, we will refer to the Complaint, as amended, as the "Complaint."

Complaint until after she filed her Notice of Appeal. Based upon the record before us, the Trial Court never adjudicated Pryor's Counter-Complaint against Plaintiff.

Upon our review of the record in its entirety, and although none of the parties raised this as an issue on appeal, we conclude the Order appealed from is not a final judgment for purposes of Tenn. R. App. P. 3, which provides in relevant part that:

> Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

No application for permission to take an interlocutory appeal pursuant to Tenn. R. App. P. 9 was filed. Likewise, there was no express direction for entry of judgment by the Trial Court or a determination that there was no just reason for delay, as required in Tenn. R. Civ. P. 54.02. Since the judgment appealed from does not adjudicate all the claims, rights, and liabilities of all the parties, namely Pryor's Counter-Complaint against Plaintiff, and, therefore, is not appealable, this appeal is dismissed and the case is remanded for further proceedings, as necessary, to resolve the remaining claims of the parties. Costs of the appeal are taxed to the Appellant, Elizabeth Ann Baker, and her surety.

_____
D. MICHAEL SWINEY, JUDGE